***********
Upon review of the record with reference to the errors assigned, the Full Commission REMANDS this case to the Deputy Commissioner to take further evidence as outlined below.
 ***********
Based upon the competent evidence adduced from the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On October 14, 2008, Plaintiff Jorge Galeas, Jr. filed a Tort Claims Affidavit with the North Carolina Industrial Commission, alleging that certain named employees at the Pasquotank Correctional Institution of the North Carolina Department of Correction lost several items of his personal property, including but not limited to hard cover books and a bag of legal papers. *Page 2 
2. On November 10, 2008, Defendant filed a Motion to Dismiss and an Answer denying the allegations of Plaintiff's Affidavit.
3. On February 5, 2009, this matter was heard by Deputy Commissioner George Hall on Defendant's Motion for Judgment on the Pleadings. In an Interlocutory Decision and Order filed on February 24, 2009, Deputy Commissioner Hall denied Defendant's Motion, in part based upon his finding that a July 25, 2008 letter from Pasquotank Correctional Institution Administrator Ricky Anderson indicated that Plaintiff's property had been misplaced and that the Assistant Administrator was working on identifying the property for replacement or reimbursement.
4. When this matter was heard before Deputy Commissioner Houser on November 4, 2010, Plaintiff indicated during the course of questioning by the Deputy Commissioner that he would like his personal property replaced. Counsel for Defendant then made a motion to dismiss premised upon the fact that the Industrial Commission does not have jurisdiction to order specific performance or injunctive relief.
5. At that point Plaintiff indicated that he did not understand what defense counsel was saying. The Deputy Commissioner explained that counsel for Defendant had made a motion to dismiss and that Plaintiff was free to address the merits of the motion in his written contentions.
6. After the Deputy Commissioner dismissed Plaintiff's claim because he had sued to require Defendant to return his property, which is not a remedy allowed or within the Industrial Commission's jurisdiction, Plaintiff appealed and alleged in his Form 44 that his request for relief had been misunderstood.
 *********** *Page 3 
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 ORDER
In light of Defendant's July 25, 2008 written admission, which is part of the record in this case by virtue of Deputy Commissioner Hall's prior Interlocutory Decision and Order, and given that the Plaintiff is in fact claiming monetary damages, as reflected on the Form 44, IT IS HEREBY ORDERED that this case is REMANDED to the Deputy Commissioner for further proceedings to allow either party to present additional evidence regarding (1) the items which were misplaced or lost in November 2007; (2) whether Defendant has replaced any of those items; and (3) whether Defendant has reimbursed Plaintiff for any of those items, and if so, in what amount. For the remaining items, it is Plaintiff's responsibility to offer evidence at the hearing as to the value of the items so that if appropriate, the Commission can determine the monetary damages to which he may be entitled.
Upon receipt of the additional evidence, the undersigned shall review the entire record and enter a Decision and Order on the merits of the case.
This the ___ day of September, 2011.
 S/___________________ TAMMY R. NANCE COMMISSIONER
 CONCURRING: S/___________________ LINDA CHEATHAM COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1